## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| KOONTZ-WAGNER CUSTOM | § | Bankruptcy Case No. 18-33815 |
| CONTROLS HOLDINGS LLC, | § | |
| | § | |
| Debtor. | § | |
| ------------------------------------------------------- | § | |
| Rodney D. Tow, Chapter 7 Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Proceeding No. 20-03276 |
| | § | |
| NORBRYHN EQUIPMENT COMPANY, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

### ANSWER OF NORBRYHN EQUIPMENT COMPANY, INC. TO TRUSTEE'S ORIGINAL COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550, AND FOR OTHER RELIEF

NOW COMES Norbryhn Equipment Company, Inc. ("Defendant") and files this Answer to Trustee's Original Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550, and for Other Relief (the "Complaint") filed by Rodney D. Tow, Chapter 7 Trustee ("Plaintiff") in the above-entitled and numbered adversary proceeding and, in support hereof, shows the Court as follows:

1. Defendant admits the "Jurisdiction And Venue" allegations of paragraphs 1, 2, and 3 of the Complaint.

2. Defendant also consents to the entry of a final order or judgment by the Bankruptcy Court with regard to paragraph 4 of the Complaint.

3.      Defendant denies that any preferential transfers were made to Defendant. Defendant admits the other allegations in paragraph 5 of the Complaint.

4.      Defendant admits the "Parties" allegations in paragraphs 6, 7, 8, and 9 of the Complaint.

5.      Defendant admits the "Case Background" allegations in paragraphs 10 and 11 of the Complaint.

6.      Defendant denies the allegations of paragraphs 12, 13, and 14 of the Complaint.

7.      Defendant admits the allegations of paragraphs 15, 16, 17 and 18, but denies any such payments are avoidable by the Trustee.

8.      Based on the presumption of §547(f), Defendant admits the allegations of paragraphs 19 and 20 of the Complaint.

9.      Defendant admits the allegation of paragraph 21 of the Complaint.

10.     Defendant denies the allegations of paragraphs 22, 23, and 24 of the Complaint. Defendant asserts that any such payments were in the ordinary course of business pursuant to Section 547(c)(2) of the Bankruptcy Code.

11.     Defendant denies the allegations of paragraph 25 of the Complaint.

12.     Defendant admits the allegations of paragraph 26 of the Complaint.

13.     Defendant denies the allegations of paragraph 27 of the Complaint.

14.     Defendant denies the allegations of paragraph 28 of the Complaint.

15.     Defendant denies the allegations of paragraph 29 of the Complaint.

16.     Defendant admits the allegations of paragraph 30 of the Complaint.

17.     Defendant denies the allegations of paragraphs 31 and 32 of the Complaint.

18.     Defendant further denies all of the material allegations in the prayer for relief of the Complaint.

Affirmative Defense

The Transfers were payments of a debt incurred and made by Debtor in the ordinary course of business or financial affairs of Debtor and Defendant, pursuant to Bankruptcy Code §547(c)(2).

WHEREFORE, Defendant prays that the Complaint be denied, and that Defendant be granted such other and further relief, in law or in equity, to which it may show itself justly entitled.

DATED this 11th day of November, 2020.

Respectfully submitted,

Kerry L. Haliburton
State Bar No. 08743400
of
NAMAN, HOWELL, SMITH & LEE, PLLC
P.O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100
FAX (254) 754-6331
Email: haliburton@namanhowell.com

ATTORNEYS FOR DEFENDANT
NORBRYHN EQUIPMENT COMPANY, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing Answer to Trustee's Original Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550 has been served by electronic mail and by regular United States Mail, first class, postage fully prepaid, to Plaintiff, Rodney D. Tow (rtow@rtowtrustee.com), at 1122 Highborne Cay Court, Texas City, Texas, 77590, and to the attorney for Plaintiff, R. J. Shannon (rshannon@bn-lawyers.com), at Barron & Newburger, P.C., 7320 N. MoPac Expy, Greystone II, Suite 400, Austin, Texas 78731, all on this 11th day of November, 2020.

_____
Kerry L. Haliburton